**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

1 ▢▾ Valuation of Security     0    Assumption of Executory Contract or Unexpired Lease     1 ▢▾ Lien Avoidance

**Last revised: December 1, 2017**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:                                               Case No.:        18-25528-RG

MICHAEL S. PIZARRO                                   Judge:           GAMBARDELLA

                    Debtor(s)

## Chapter 13 Plan and Motions

☒ Original              ☐ Modified/Notice Required          Date:    August 31, 2018

☐ Motions Included      ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☒ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney:    ADW          Initial Debtor:    MSP          Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a.  The debtor shall pay $ _____91.00_____ per _____month_____ to the Chapter 13 Trustee, starting on
_____September 1, 2018_____ for approximately _____36_____ months.

b.  The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:

☐  Sale of real property
Description:

Proposed date for completion: _____

☐  Refinance of real property:
Description:
Proposed date for completion: _____

☐  Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☐ NONE**

    a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

  a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 0.00 |
| DOMESTIC SUPPORT OBLIGATION | | |

  b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

## Part 4:    Secured Claims

### a.  Curing Default and Maintaining Payments on Principal Residence: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|----------|----------------------------|-----------|----------------------------|-----------------------------------------|----------------------------------------|
|          |                            |           |                            |                                         |                                        |

### b.  Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:  ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|----------|----------------------------|-----------|----------------------------|-----------------------------------------|----------------------------------------|
|          |                            |           |                            |                                         |                                        |

### c.  Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|------------------|------------|---------------|-----------------|-----------------------------------------------------------------|
|                  |            |               |                 |                                                                 |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Prospect Towers Association, Inc. | 275 Prospect Street Unit 16E East Orange, NJ 07017 | $39,292.43 | $85,000.00 | $122,604.00 | $0.00 | N/A | $0.00 to be totally stripped off and treated as completely unsecured |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☐ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

1. SELECT PORTFOLIO SERVICING,  1st mortgagee, to be paid directly by debtor

2. COSUMER PORTFOLIO SERVICES, Auto Loan, to be paid directly by debtor

**g. Secured Claims to be Paid in Full Through the Plan**:  ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:    Unsecured Claims ☐ NONE

**a. Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

**b. Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6:    Executory Contracts and Unexpired Leases ☒ NONE

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions ☐ NONE**

NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

   **a.  Motion to Avoid Liens Under 11. U.S.C. Section 522(f).    ☒ NONE**

   The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

   **b.  Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured. ☐ NONE**

   The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| Prospect Towers Association, Inc. | 275 Prospect Street Unit 16E East Orange, NJ 07017 Essex County | $39,292.43 | $85,000.00 | $122,604.00 | $0.00. Prospect Tower's Inc. interest is totally unsecured | Entire lien to be reclassified from secured to totally unsecured. |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒  Upon confirmation

☐  Upon discharge

**b.  Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c.  Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Supplemental Counsel Fees dues to Avram D. White Esq.

3) Unsecured Creditors

4) 

**d.  Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification ⊠ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
| --- | --- |
| | |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☐ No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

⊠ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: _August 31, 2018_____        /s/ Avram D. White_____
                                                                              Attorney for the Debtor


Date: _August 31, 2018_____        /s/ Michael S. Pizarro_____
                                                                              Debtor


Date: _____        _____
                                                                              Joint Debtor

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: August 31, 2018                             /s/ Avram D. White
                                                         Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: August 31, 2018                             /s/ Michael S. Pizarro
                                                         Debtor

Date: _____           _____
                                                         Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 18-25528-RG
Michael S Pizarro                                                         Chapter 13
            Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-2          User: admin          Page 1 of 2          Date Rcvd: Sep 06, 2018
                             Form ID: pdf901       Total Noticed: 20

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 08, 2018.
db          +Michael S Pizarro,   275 Prospect Street,   Unit 16E,   East Orange, NJ 07017-2881
517681685   +Consumer Portfolio Service,   Loan Center,   Los Angeles, CA 90074-0001
517681695    NELNET Loan Services,   3015 S Parker Road,   Suite 400,   Indianapolis, IN 46240
517681696   +Prospect Towers Association, Inc.,   c/o Daniel T Kopec Esq,   184 Main Street,   2nd Floor,
             Chester, NJ 07930-2537
517681699    Select Portfolio Servicing,   338 S. Warminster Road,   One Conti Park, Suite 31,
             Hatboro, PA 19040

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg          E-mail/Text: usanj.njbankr@usdoj.gov Sep 06 2018 23:11:56    U.S. Attorney,   970 Broad St.,
             Room 502,   Rodino Federal Bldg.,   Newark, NJ  07102-2534
smg         +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Sep 06 2018 23:11:53    United States Trustee,
             Office of the United States Trustee,   1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
             Newark, NJ 07102-5235
517681686   +E-mail/Text: bankruptcy@consumerportfolio.com Sep 06 2018 23:12:07
             Consumer Portfolio Service,   PO Box 57071,   Irvine, CA 92619-7071
517681688   +E-mail/Text: bankruptcy@consumerportfolio.com Sep 06 2018 23:12:07
             Consumer Portfolio Services,   16355 Laguna Canyon Road,   Irvine, CA 92618-3801
517681687   +E-mail/Text: bankruptcy@consumerportfolio.com Sep 06 2018 23:12:07
             Consumer Portfolio Services,   PO Box 57071,   Irvine, CA 92619-7071
517681690   +E-mail/Text: electronicbkydocs@nelnet.net Sep 06 2018 23:11:59
             Department of Education/Nelnet,   121 South 13th Street,   Lincoln, NE 68508-1904
517681689   +E-mail/Text: electronicbkydocs@nelnet.net Sep 06 2018 23:11:59    Department of Education/neln,
             121 S 13th St,   Lincoln, NE 68508-1904
517681691    E-mail/Text: bankruptcynotice@nymcu.org Sep 06 2018 23:12:18    Municipal Credit Union,
             22 Cortlandt Street,   New York, NY 10007
517681692    E-mail/Text: bankruptcynotice@nymcu.org Sep 06 2018 23:12:18    Municipal Credit Union,
             PO Box 3205,   New York, NY 10007
517681693   +E-mail/Text: electronicbkydocs@nelnet.net Sep 06 2018 23:11:59    Nelnet Lns,
             3015 S Parker Road,   Suite 400,   Aurora, CO 80014-2904
517681694   +E-mail/Text: electronicbkydocs@nelnet.net Sep 06 2018 23:11:59    Nelnet Loan Services,
             3015 S Parker Road,   Suite 425,   Aurora, CO 80014-2904
517681698   +E-mail/Text: jennifer.chacon@spservicing.com Sep 06 2018 23:12:52
             Select Portfolio Servicing,   Po Box 65250,   Salt Lake City, UT 84165-0250
517681702   +E-mail/Text: jennifer.chacon@spservicing.com Sep 06 2018 23:12:52
             Select Portfolio Servicing,   PO Box 65450,   Salt Lake City, UT 84165-0450
517681697    E-mail/Text: jennifer.chacon@spservicing.com Sep 06 2018 23:12:52
             Select Portfolio Servicing,   3217 South Decker Drive,   Salt Lake City, UT 84119
517707231   +E-mail/Text: electronicbkydocs@nelnet.net Sep 06 2018 23:11:59
             U.S. Department of Education C/O Nelnet,   121 South 13th Street, Suite 201,
             Lincoln, NE 68508-1911
                                                                                    TOTAL: 15

          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517681700*   +Select Portfolio Servicing,   PO Box 65250,   Salt Lake City, UT 84165-0250
517681701   ##+Select Portfolio Servicing,   3815 South West Temple,   Salt Lake City, UT 84115-4412
                                                                 TOTALS: 0, * 1, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 08, 2018                          Signature:  _/s/Joseph Speetjens_

District/off: 0312-2          User: admin                Page 2 of 2                 Date Rcvd: Sep 06, 2018
                             Form ID: pdf901             Total Noticed: 20

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 5, 2018 at the address(es) listed below:
      Avram D White    on behalf of Debtor Michael S Pizarro clistbk3@gmail.com,
       adwlawoffice1@gmail.com;crismateo02@gmail.com;lawworkmorris3l@gmail.com;whitear82230@notify.bestc
       ase.com
      Marie-Ann  Greenberg    magecf@magtrustee.com
      Rebecca Ann Solarz    on behalf of Creditor    CSMC 2018-RPL1 Trust rsolarz@kmllawgroup.com
      U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                          TOTAL: 4