**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

Last revised: September 1, 2018

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:  
MICHAEL S. PIZARRO

Debtor(s)

Case No.: 18-25528-RG

Judge: GAMBARDELLA

## Chapter 13 Plan and Motions

☐ Original     ☒ Modified/Notice Required     Date: April 30, 2019

☐ Motions Included     ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ADW     Initial Debtor: MSP     Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ ____91.00____ per ____month____ to the Chapter 13 Trustee, starting on ____September 1, 2018____ for approximately ____12____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒   Future earnings

☐   Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒ Other information that may be important relating to the payment and length of plan:

And then, The debtor shall pay $920.00 per month to the Chapter 13 Trustee, starting on September 1, 2019 for approximately 48 months.

**Part 2:    Adequate Protection ☒ NONE**

    a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
| --- | --- | --- |
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 0.00 |
| DOMESTIC SUPPORT OBLIGATION | ADMINISTRATIVE | $0.00 |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
| --- | --- | --- | --- |
| NONE | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

## Part 4:  Secured Claims

a. **Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Prospect Towers Condominium Association, Inc. | Maintenance fees | $39,292.43 | N/A | $39,292.43 | regular monthly payments to be paid pursuant to master deed, bylaws and resolutions of Prospect Towers Condominium Association, Inc. |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

c. **Secured claims excluded from 11 U.S.C. 506:** ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☐ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ NONE

The following secured claims are unaffected by the Plan:

SELECT PORTFOLIO SERVICING, 1st mortgagee, to be paid directly by debtor

CONSUMER PORTFOLIO SERVICES, auto loan to be paid directly by debtor

**g. Secured Claims to be Paid in Full Through the Plan:** ☒ NONE

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

## Part 7:    Motions  ☒ NONE

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form,** *Notice of Chapter 13 Plan Transmittal*, **within the time and in the manner set forth in D.N.J. LBR 3015-1. A** *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* **must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

    b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

    c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Part 8:    Other Plan Provisions

    a. **Vesting of Property of the Estate**

        ☒   Upon confirmation

        ☐   Upon discharge

    b. **Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Avram D. White counsel for the debtor as to supplemental fees
3) Prospect Towers Condominium Association, Inc.
4) Unsecured creditors

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification ☒ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: September 8, 2019                .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| To address the claim of Prospect Towers Condominium Association, Inc. | To cure claim of Prospect Towers Condominium Association, Inc. during the life of the plan |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes   ☒ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

# Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: April 30, 2019                                              /s/ Michael S Pizarro
                                                                  Debtor

Date: _____                                             _____
                                                                  Joint Debtor

Date: April 30, 2019                                              /s/ Avram D. White
                                                                  Attorney for Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:                                                                           Case No. 18-25528-RG
Michael S Pizarro                                                                Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-2          User: admin              Page 1 of 2          Date Rcvd: May 13, 2019
                              Form ID: pdf901          Total Noticed: 24

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 15, 2019.
```
db             +Michael S Pizarro,    275 Prospect Street,    Unit 16E,    East Orange, NJ 07017-2881
cr             +Prospect Towers Condominium Association, Inc.,    Greenbaum Rowe Smith and Davis,
                 Post Office Box 5600,    Woodbridge, NJ 07095-0988
517681685      +Consumer Portfolio Service,    Loan Center,    Los Angeles, CA 90074-0001
517681695       NELNET Loan Services,    3015 S Parker Road,    Suite 400,    Indianapolis, IN 46240
517681696      +Prospect Towers Association, Inc.,    c/o Daniel T Kopec Esq,    184 Main Street,    2nd Floor,
                 Chester, NJ 07930-2537
517840022      +Prospect Towers Condominium Association, Inc.,    c/o Greenbaum, Rowe, Smith & Davis,
                 Post Office Box 5600,    Woodbridge, New Jersey 07095-0988
517681699       Select Portfolio Servicing,    338 S. Warminster Road,    One Conti Park, Suite 31,
                 Hatboro, PA 19040
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: usanj.njbankr@usdoj.gov May 14 2019 00:04:54     U.S. Attorney,   970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov May 14 2019 00:04:51     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
517808906       E-mail/Text: jennifer.chacon@spservicing.com May 14 2019 00:05:55     CSMC 2018-RPL1 Trust,
                 c/o Select Portfolio Servicing, Inc.,    P.O. Box 65250,    Salt Lake City, UT 84165-0250
517681686      +E-mail/Text: bankruptcy@consumerportfolio.com May 14 2019 00:05:05
                 Consumer Portfolio Service,    PO Box 57071,    Irvine, CA 92619-7071
517681688      +E-mail/Text: bankruptcy@consumerportfolio.com May 14 2019 00:05:05
                 Consumer Portfolio Services,    16355 Laguna Canyon Road,    Irvine, CA 92618-3801
517681687      +E-mail/Text: bankruptcy@consumerportfolio.com May 14 2019 00:05:05
                 Consumer Portfolio Services,    PO Box 57071,    Irvine, CA 92619-7071
517681690      +E-mail/Text: electronicbkydocs@nelnet.net May 14 2019 00:04:56
                 Department of Education/Nelnet,    121 South 13th Street,    Lincoln, NE 68508-1904
517681689      +E-mail/Text: electronicbkydocs@nelnet.net May 14 2019 00:04:56     Department of Education/neln,
                 121 S 13th St,   Lincoln, NE 68508-1904
517681691       E-mail/Text: bankruptcynotice@nymcu.org May 14 2019 00:05:15     Municipal Credit Union,
                 22 Cortlandt Street,    New York, NY 10007
517681692       E-mail/Text: bankruptcynotice@nymcu.org May 14 2019 00:05:15     Municipal Credit Union,
                 PO Box 3205,   New York, NY 10007
517681693      +E-mail/Text: electronicbkydocs@nelnet.net May 14 2019 00:04:56     Nelnet Lns,
                 3015 S Parker Road,    Suite 400,    Aurora, CO 80014-2904
517681694      +E-mail/Text: electronicbkydocs@nelnet.net May 14 2019 00:04:56     Nelnet Loan Services,
                 3015 S Parker Road,    Suite 425,    Aurora, CO 80014-2904
517681698      +E-mail/Text: jennifer.chacon@spservicing.com May 14 2019 00:05:55
                 Select Portfolio Servicing,    Po Box 65250,    Salt Lake City, UT 84165-0250
517681702      +E-mail/Text: jennifer.chacon@spservicing.com May 14 2019 00:05:55
                 Select Portfolio Servicing,    PO Box 65450,    Salt Lake City, UT 84165-0450
517681697       E-mail/Text: jennifer.chacon@spservicing.com May 14 2019 00:05:55
                 Select Portfolio Servicing,    3217 South Decker Drive,    Salt Lake City, UT 84119
517804069      +E-mail/Text: BKRMailOps@weltman.com May 14 2019 00:05:00     U.S. Asset Management,
                 c/o Weltman,Weinberg,and Reis Co.,L.P.A.,    PO Box 93784,    Cleveland, OH 44101-5784
517707231      +E-mail/Text: electronicbkydocs@nelnet.net May 14 2019 00:04:56
                 U.S. Department of Education C/O Nelnet,    121 South 13th Street, Suite 201,
                 Lincoln, NE 68508-1911
                                                                                              TOTAL: 17

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517681700*     +Select Portfolio Servicing,    P0 Box 65250,    Salt Lake City, UT 84165-0250
517681701     ##+Select Portfolio Servicing,    3815 South West Temple,    Salt Lake City, UT 84115-4412
                                                                                      TOTALS: 0, * 1, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

```
District/off: 0312-2          User: admin              Page 2 of 2              Date Rcvd: May 13, 2019
                              Form ID: pdf901          Total Noticed: 24
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 15, 2019                                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 1, 2019 at the address(es) listed below:
              Avram D White    on behalf of Debtor Michael S Pizarro clistbk3@gmail.com,
               adwlawoffice1@gmail.com;crismateo02@gmail.com;lawworkmorris31@gmail.com;whitear82230@notify.bestc
               ase.com
              Denise E. Carlon    on behalf of Creditor    CSMC 2018-RPL1 Trust dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Marie-Ann  Greenberg    magecf@magtrustee.com
              Rebecca Ann Solarz    on behalf of Creditor    CSMC 2018-RPL1 Trust rsolarz@kmllawgroup.com
              Robert J. Flanagan    on behalf of Creditor    Prospect Towers Condominium Association, Inc.
               rflanagan@greenbaumlaw.com, emoreira@greenbaumlaw.com
              U.S. Trustee   USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 6
```